**Russell A. PIERCE, Appellant,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 81194.

Court of Appeals of Oklahoma, Division 4.

June 1, 1993.

Jess Horn, Jess Horn Inc., Oklahoma City, for appellant.

Michelle R. Day, Dept. of Public Safety, Oklahoma City, for appellee.

MEMORANDUM OPINION

TAYLOR, Judge.

Pierce seeks review of an order suspending his driver's license for driving under the influence of alcohol on the grounds that the intoxilyzer machine's test was not administered in accordance with the rules promulgated by the Board of Tests for Alcohol and Drug Influence. We hold the test was properly administered and affirm.

On July 3, 1992, Pierce was arrested for driving under the influence of alcohol and consented to taking the intoxilyzer test. Pierce's test results were 0.17 g/210L alcohol concentration. He requested an administrative hearing at the conclusion of which his license revocation was sustained.

Pierce then appealed to the district court which in turn held a hearing and affirmed the revocation. It is from this order that Pierce appeals on the single issue of wheth-

er the test was administered in accordance with the rules adopted by the Board of Tests. 47 O.S.1991 § 759(C).

It is uncontroverted that the Board's regulations provide that to test the instrument's accuracy, a test of a controlled sample of known concentration must register sample test results that are within one one-hundredths gram per two hundred ten liters ( + or—0.01 g/210L). It is also uncontested that the Board's regulations provide that such results be reduced to two digits to the right of the decimal point.

Pierce contends that to be accurate a sample test result must be three digits to the right of the decimal point. The control test result in Pierce's case was .11. Pierce contends that in order to be accurate the machine's numerical tests results must be within a plus or minus .01, and that .110, or any figure up to .119, would not be within the tolerance limits of a plus or minus .01 as set by the Board.

The machine used in the testing of Pierce was capable of only reading numerical sample tests results two digits to the right of the decimal point. In this case of first impression on the very narrow issue presented by Pierce, we hold that accuracy beyond two digits is not required by the statutory and regulatory provisions of Section 759(C). *See State v. Acosta,* 112 Or. App. 191, 827 P.2d 1368 (1992).

AFFIRMED.

BOUDREAU, P.J., and STUBBLEFIELD, J., concur.